UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 07-70-HRW

JOAN MASON, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on January 28, 2004, alleging disability beginning on November 4, 2003, due to a combination of impairments. This application was denied initially and on reconsideration.

On March 28, 2006, an administrative hearing was conducted by Administrative Law Judge Joan Lawrence (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 463-479). At the hearing, Dr. James H. Miller, a vocational expert (hereinafter "VE"), also testified (Tr. 479-483).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On July 20, 2006, the ALJ issued his decision finding that Plaintiff was not

disabled (Tr. 12-22).

Plaintiff was 47 years old at the time of the hearing decision (Tr. 15). She has a high school education and her past relevant work includes employment as an optician and office manager (Tr. 15).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 21).

The ALJ then determined, at Step 2, that Plaintiff suffered from impairments which he found to be "severe" within the meaning of the Regulations (Tr. 16-19).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 19).

The ALJ, relying upon the testimony of the VE, concluded that Plaintiff's past relevant work as an optician and office manager did not require the performance of work-related activities precluded by her residual functional capacity (Tr. 22).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 27, 2006

(Tr. 6-9).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9, 10 and 12] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

On appeal, Plaintiff contends that the ALJ should have given greater weight to the assessments of Dr. Shawn Fugate, Dr. Arden Marc Acob and Brenda Carey.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In her decision, the ALJ gave a detailed explanation for her reasons for rejecting Dr. Fugate and Dr. Acob's assessment of extreme functional limitation. First, the ALJ noted the gap between these physicians' last examination of Plaintff and their written assessments of her functional capacity. Dr. Acob last saw Plaintiff in October 2004 (Tr. 219-220), sixteen months before completing his assessment. Dr. Fugate's last saw Plaintiff seven months before completing his assessment. The ALJ found that the lapse of time undermined the credibility of the assessments. The Court agrees.

Further detracting from the assessments is that fact that neither Dr. Fugate or Dr. Acob noted specific functional limitations in their office notes.

Finally, the dire assessments of Dr. Fugate and Dr. Acob are contradicted by other credible medical evidence of record. For example, Plaintiff's most recent MRI, conducted in March 2006, showed only mild to moderate stenosis in the lumbar and cervical spines (Tr. 342-343).

With regard to Brenda Carey, according to Plaintiff's testimony, she is not a physician, and, thus, cannot be considered a treating physician. The record shows that Ms. Carey is a nurse practitioner (Tr. 466). The ALJ did not err in discounting her assessment as Ms. Carey submitted no notes whatsoever to support her opinion of disability.

Given the time between examination and written assessment, the lack of consistent treatment notes and the absence of supporting clinical data in the record, the Court finds that ALJ did not err in her consideration of the opinions of Plaintiff's treating physicians.

As for Plaintiff's alleged mental impairment, the Court is not persuaded that the ALJ erred in her assessment of the same. The record is devoid of any evidence of treatment for mental health issues or impairments; nor did Plaintiff allege any such impairment when she filed her application (Tr. 103-104). The only reference to mental impairment is Plaintiff's own testimony regarding depression (Tr. 477-478). This minimal testimony can hardly be considered substantial evidence

supporting a finding of disabling mental impairment. The ALJ did not err in this regard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 15, 2007.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge